COPE, Judge.
Metropolitan Dade County appeals a non-final order denying its motion to quash a continuing writ of garnishment. We reverse.
Appellee United Guaranty Residential Insurance Company served a continuing writ of garnishment on Metropolitan Dade County. United sought to garnish the wages of Toris West, a Dade County employee. United had .obtained judgment against the employee in 1986 for breach of a 1983 loan agreement. The County moved to quash, asserting sovereign immunity. The trial court denied the motion and this appeal follows.
“Absent a clear and unequivocal legislative enactment making the state, its agencies and subdivisions liable in garnishment proceedings, they are immune from such proceedings.” G & J Inv. Corp. v. Florida Dep’t of Health & Rehabilitative Services, 429 So.2d 391, 391 (Fla. 3d DCA 1983) (citations omitted); see also Wesley Constr. Co. v. Biscayne Constr., Inc., 341 So.2d 786, 787 (Fla. 3d DCA 1977).
In 1993 the legislature amended the garnishment statute by waiving sovereign immunity for certain continuing writs of garnishment. Ch. 93-256, § 1, Laws of Fla. The new statutory language states, in part:
A debtor’s status as an employee of the state or its agencies or political subdivisions does not preclude a judgment creditor’s right to garnish the debtor’s wages.' For the purposes of this section, the state includes the judicial branch and the legislative branch as defined in s. 216.011. The state, for itself and for its agencies and subdivisions, waives sovereign immunity for the express and limited purpose necessary to carry out this section.
Ch. 93-256, § 1, Laws of Fla., codified in § 77.0305, Fla.Stat. (1993) (entitled “continuing writ of garnishment against salary or wages”).
The question before us is whether this waiver of sovereign immunity applies to a transaction which occurred prior to October 1, 1993. We conclude that it does not. Section 6 of the 1993 enactment includes the following limitation: “This act applies only to an attachment, a garnishment, or other legal process that arises as a result of a contract, a loan, a transaction, a purchase, a sale, a transfer, or a conversion occurring on or after October 1, 1993.” Ch. 93-256, § 6, Laws of Fla. We agree with the County that the phrase “occurring on or after October 1, 1993” modifies “a contract, a loan, a transac *1119 tion, a purchase, a sale, a transfer, or a conversion.”
In our view the statutory provision is clear. In order for a garnishor to obtain a writ of garnishment against the State or one of its political subdivisions, the garnishor must show that the garnishment has arisen as a result of a contract, loan, transaction, purchase, sale, transfer, or conversion which occurred on or after October 1, 1993.* In the present case the loan giving rise to this writ of garnishment occurred in 1983, ten years before the effective date of the statute. Under section 6 of chapter 93-256, the creditor is not entitled to a writ of garnishment against Metropolitan Dade County.
We agree with the creditor that section 6 creates a somewhat cumbersome procedure, because the availability of garnishment will depend on the date of the underlying transaction, not the date the writ of garnishment issues. Nonetheless, section 6 is very specific on this point. Accordingly, creditors who wish to invoke the benefits of the waiver of sovereign immunity now contained in section 77.0305, Florida Statutes (1993), must be prepared to demonstrate that the underlying-transaction date was on or after October 1, 1993 in order to invoke the benefits of the waiver of sovereign immunity.
The order under review is reversed and the cause remanded with directions to grant the motion to quash.
Reversed and remanded.

 The 1993 legislation does not reveal the reason for this limitation on the waiver of sovereign immunity. It may be that the legislature intended to phase in gradually the number of cases which might give rise to garnishments directed to governmental entities. It may be that the legislature intended to provide some form of advance constructive warning to governmental employees that their wages would be subject to possible garnishment proceedings for obligations incurred on or after October 1, 1993.