**In re John George JUERGENS, Debtor.**

**Bankruptcy No. 94–02129–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 9, 1995.

Janet Thurston, Jacksonville, FL, for debtor.

Gregory K. Crews, Jacksonville, FL, for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon the Objection to Exemptions filed by the chapter 7 trustee, Gregory K. Crews ("trustee"). The Court held a hearing on November 23, 1994, and upon the stipulation of facts submitted, enters these Findings of Fact and Conclusions of Law:

### Findings of Fact

The parties have agreed upon the relevant facts [1]:

1. The debtor, John George Juergens, filed a voluntary chapter 7 petition on May 20, 1994.

2. On the date of the filing of the petition, Debtor was the owner of a 1989 Mazda MX6 automobile, which was free and clear of any liens against the title.

3. The debtor claimed the first $1,000.00 of his equity in that motor vehicle as exempt on Schedule C, pursuant to Florida Statute Section 222.25(1).

4. The debtor had purchased the motor vehicle prior to October 1, 1993.

5. The debtor had incurred at least part of the unsecured debt that he listed on Schedule F prior to October 1, 1993.

6. As of the date of the filing of his petition, no lawsuits had been filed against the debtor, nor were there any outstanding judgments against the debtor.

7. As of the date of the filing of his petition, there were no outstanding writs of garnishment, attachment, levy or repossession against either the debtor or any of his assets.

8. The Trustee timely objected to the debtor's claim of exemptions.

9. The sole issue to be decided by the court on the Trustee's Objection is debtor's entitlement to exempt the first $1,000.00 of equity in the motor vehicle, pursuant to Florida Statute Section 222.25(1).

### Conclusions of Law

In 1993, the Florida Legislature enacted Session Law 93–256, which amends Florida's exemption statutes. The act created Fla. Stat. 222.25 which provides in part:

The following property is exempt from attachment, garnishment or other legal process:

(1) A debtor's interest, not to exceed $1,000.00 in value, in a single motor vehicle as defined in § 320.01;

Pursuant to section 7 of 93–256 the act took effect on October 1, 1993.

■ When statutory language is clear, the plain and obvious provisions of the statute must control, and there is no reason to resort to rules of statutory interpretation. *Van Pelt v. Hilliard,* 75 Fla. 792, 78 So. 693 (1918). Courts are without power to construe an unambiguous statute in a way that would extend, modify or limit its express terms. *Holly v. Auld,* 450 So.2d 217 (Fla. 1984). Thus it is only when a statute is ambiguous that a Court must resort to rules of construction.

■ In construing an ambiguous statute, the Court must give effect to the legislative intent which led to enactment of the statute. *Tyson v. Lanier,* 156 So.2d 833 (Fla.1963); *State v. Webb,* 398 So.2d 820 (Fla.1981). The Court must avoid a construction which leads to unreasonable or absurd results or nullifies the purpose of the statute. *Id.* To determine the legislative intent, the Court must consider the act as a whole and "the evil to be corrected, the language of the act, including its title, the history of the enactment and the state of the law already in existence bearing on the subject." *Id.* at 824.

The language of Fla.Stat. 222.25(1) is plain and unambiguous, creating an exemption on motor vehicle equity up to one thousand dollars ($1,000.00). Because the language of

---

1. The stipulation of the parties is reproduced verbatim. Errors in sentence structure or style are as submitted by the parties and are not corrected by the Court.

Fla.Stat. 222.25(1) is clear and unambiguous the inquiry would end here if it were not for the footnote to Fla.Stat. 222.25. The footnote states:

This act applies only to an attachment, a garnishment, or other legal process that arises as a result of a contract, a loan, a transaction, a purchase, a sale, a transfer, or a conversion occurring on or after October 1, 1993.

Thus the Court must determine how to interpret this additional provision and the affect this language has on the clear meaning of 222.25(1).

■ The trustee argues that the language of Section 6 of Session Law 93–256, expresses the legislature's intent that the amendment apply only to debts incurred after October 1, 1993. The trustee's position is that the phrase "occurring on or after October 1, 1993," should be read to modify the words "a contract, a loan ...," with the result that debtor may exempt up to one thousand dollars ($1,000.00) in motor vehicle equity only from debts incurred after October 1, 1993. Debtor argues that the phrase "occurring on or after October 1, 1993," should be read to modify "attachments, garnishments or other legal process," with the result that debtor may exempt up to one thousand dollars ($1,000.00) of equity in a motor vehicle only from those attachments, garnishments, or other legal process which occur after October 1, 1993, but not from those which occur prior to October 1, 1993.

The best evidence of the legislative intent behind 93–256 is contained in the exemptions as they existed prior to the 1993 enactment and particularly the exemption for wages. This is so because the legislature's statement as to the effect of section 6 contained in the 1993 Summary of General Legislation and the House Committee on Judiciary Final Bill Analysis and Economic Impact Statement conflict. Additionally, the title of the act does not refer to section 6. Whereas, the wage exemption for the "head of family" has been a continuous part of Florida law since 1875, serving the judicially recognized purposes of protecting citizens against financial reverses and preventing families from becoming public charges. *Wolf v. Commander*, 137 Fla. 313, 188 So. 83 (1939). The 1993 act placed certain limitations on the Fla.Stat.

222.11 wage exemption by limiting the previously unlimited exemption to the first $500.00 of a debtor's disposable earnings. Like section 222.25, section 222.11 is subject to the language contained in Section 6.

Utilizing the trustee's interpretation of section 6 to interpret the amended wage exemption, the Florida legislature must have intended to limit the availability of the exemption for wages of a head of family in Florida to only those garnishments related to debts incurred after October 1, 1993. Thus, the legislature must have intended to deny a wage exemption to debts incurred prior to October 1, 1993. Given the longstanding statutory history of the wage garnishment exemption and the legislature's placing a specific dollar limit on the exemption, the Court cannot find that the legislature intended to eliminate the wage exemption as it relates to debts incurred prior to October 1, 1993. It is more reasonable to believe that the legislature intended that the amended wage garnishment exemption apply only to garnishments which occur after October 1, 1993.

Similarly, if the Court adopts the trustee's interpretation of section 6 uncertainty and unreasonable results occur because two sets of exemption laws would be in effect for an indeterminate amount of time. This occurs because the exemption for an automobile would only apply in those cases where the debtor has incurred an obligation on or after October 1, 1993, and in all other cases the debtor would not be eligible an exemption for equity in an automobile.

In addition, the construction urged by the trustee violates the rule of statutory construction that the Court must analyze the act as a whole and give effect to each and every word. The trustee's interpretation effectively nullifies section 7 which makes the act effect on October 1, 1993, because the automobile exemption would not apply in many cases as the debt was incurred prior to October 1993. After considering the history of the wage exemption and the results which would occur if the trustee's position were adopted, the Court finds that the legislature intended that the motor vehicle exemption apply only to attachments, garnishments, or other legal process which occur after October 1, 1993. In addition, the Court notes that exemption statutes must be liberally con-

strued in favor of the debtor, *In re Dixson*, 153 B.R. 594, 599 (Bankr.M.D.Fla.1993), citing *Killian v. Lawson*, 387 So.2d 960, 962 (Fla.1980), thus adding additional support to the Court's construction of 222.25(1). Accordingly, the Court finds that the debtor is not barred from claiming the benefit of Fla. Stat. 222.25(1) merely because he incurred a portion of his unsecured debts before the effective date of the statute.

In debtor's post-hearing papers, debtor's attorney argues that the trustee will raise a constitutional objection to the debtor's interpretation of section 222.25(1). The trustee failed to address this point in his brief. Accordingly, the Court does not address debtor's argument. The Court will enter a separate order consistent with these findings of fact and conclusions of law.

### ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

Upon findings of fact and conclusions of law separately entered, it is

ORDERED

The trustee's objection to exemptions is overruled and debtor is entitled to exempt one thousand dollars ($1,000.00) equity in an automobile.