In re PUFF 'N STUFF OF WINTER PARK, INC., jointly administered with Glenn F. Dietel and Christine B. Dietel, Debtors.

Bankruptcy No. 94–04154–6J1.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 2, 1995.

**960**

Kevin E. Mangum, Orlando, FL, for debtors.

Margaret Hull, Orlando, FL, for U.S. Trustee.

1. On August 9, 1994, Puff 'N Stuff of Winter Park, Inc. (Case No. 94–04154–6J1) filed its petition under Chapter 11. On August 11, 1994, Case No. 94–04175–6J1 was filed by Glenn F. Dietel and Christine B. Dietel. On September 22, 1994, an Order Authorizing Joint Administration was entered and directed that all pleadings be filed in the earlier filed case. No substantive consolidation has occurred in the cases.

### ORDER SUSTAINING OBJECTION TO EXEMPTION

KAREN S. JENNEMANN, Bankruptcy Judge.

This case[1] came on for hearing on the Objection to Exemptions (the "Objection") filed by the United States Trustee. The Objection relates to the claim of the individual debtors, Glenn and Christine Dietel (the "Debtors"), to exempt certain property. After reviewing the pleadings, considering the arguments of counsel and applicable law, the court sustains the Objection.

On August 11, 1994 (the "Petition Date"), Debtors filed their petition for relief under Chapter 11 of the Bankruptcy Code.[2] In their amended schedules, Debtors listed as an asset a 1990 Jeep Cherokee automobile with a value of $8,075 and a prior lien of $2,472. Pursuant to Florida Statute Section 222.25, Debtors claimed an exemption of $1,000 in the value of the automobile. The Debtors also listed unsecured debt in their schedules some of which was incurred prior to October 1, 1993.

The Objection[3] asserts that Section 222.25 is unavailable to Debtors because the section applies only in cases where debtors had, as of the bankruptcy filing, no outstanding debt incurred prior to October 1, 1993. The issue in this case, therefore, is whether a debtor in Florida may claim up to $1,000 of value in an automobile as exempt property where, as of the bankruptcy filing, the Debtor had outstanding debts which were incurred prior to October 1, 1993.

Section 522(b) of the Bankruptcy Code permits debtors to exempt certain property from the claims of creditors. Section 522(b) also allows debtors the exemptions specified in Section 522(d) unless a state otherwise designates specific exemptions available to debtors residing within the state. *Rhodes v. Stewart,* 705 F.2d 159, 162 (6th Cir.1983),

2. 11 U.S.C. Section 101 *et seq.* (1993).

3. The UST also objected to the Debtors' claim of exemption with respect to a bank account. This portion of the Objection, however, was withdrawn at the hearing.

*cert. denied,* 464 U.S. 983, 104 S.Ct. 427, 78 L.Ed.2d 361 (1983). Florida has "opted out" of the exemptions set forth in Section 522(d) of the Bankruptcy Code and chosen instead to allow debtors within the state only those exemptions permitted under Florida law. Fla.Stat. Sec. 222.20 (1979).

In 1993, Florida amended its statutory exemptions to permit a debtor to exempt, *inter alia,* up to $1,000 of value in a motor vehicle. Fla.Stat. Sec. 222.25 (1993). Section 222.25 was enacted pursuant to Session Law 93–256 (the "Act), and provides in part:

> **Other individual property exempt from legal process.**—The following property is exempt from attachment, garnishment, or other legal process:
>
> > (1) A debtor's interest, not to exceed $1,000 in value, in a single motor vehicle as defined in s. 320.01; ...

Section 6 of the Act was appended as a footnote to the Statute and provides:

> **Note.**—Section 6, ch. 93–256, provides that "[t]his act applies only to an attachment, a garnishment or other legal process that arises as a result of a contract, a loan, a transaction, a purchase, a sale, a transfer, or a conversion *occurring on or after October 1, 1993.*" 1993 Fla.Laws ch. 256. (emphasis added.)

The Act also amended and created other sections affecting the availability of exemptions, *i.e.,* (1) Section 77.0305, waiving sovereign immunity regarding garnishment of wages of state and local government employees; (2) Section 222.11, limiting garnishment of wages for heads of families to amounts in excess of $500 per week, with consent; (3) Section 222.25(2), exempting health aids for debtors and dependents; and (4) Section 222.29 and 222.30, prohibiting conversion of non-exempt to exempt assets with intent to defraud creditors. *Id.* The applicability of each of the referenced statutes is similarly limited by Section 6 of the Act.

The issue in this case arises because of differing interpretations of what the phrase "occurring on or after October 1, 1993" set forth in Section 6 of the Act modifies. Does this phrase modify "attachment, a garnishment, or other legal process?" Or, instead, does it modify "a contract, a loan, a transaction, a purchase, a sale, a transfer or a conversion?"

██ If the phrase modifies "an attachment, a garnishment, or other legal process," then the Debtors are entitled to exempt $1,000 of value in the automobile, because the bankruptcy filing constitutes "other legal process" and was filed after October 1, 1993. The Jacksonville Division of the United States Bankruptcy Court for the Middle District of Florida has adopted this interpretation in two recent decisions. *In re Adkins,* 176 B.R. 58 (Bankr.M.D.Fla.1995); *In re Juergens,* 176 B.R. 275 (Bankr.M.D.Fla. 1995). If, on the other hand, the phrase modifies "a contract, a loan, a transaction, a purchase, a sale, a transfer, or a conversion," Debtors are not entitled to the exemption because, on the Petition Date, they had unpaid debt incurred prior to October 1, 1993.

Only one Florida Court, the Florida Third District Court of Appeals, has issued an opinion interpreting Section 6 of the Act. *Metropolitan Dade County v. United Guaranty Residential Insurance Company of North Carolina,* 645 So.2d 1117, 1118–19 (Fla.Dist. Ct.App.1994). In *United Guaranty,* which is directly contrary to the decisions in *Adkins* and *Juergens,* the creditor insurance company sought to garnish the wages of a county employee under Section 77.0305 of the Florida Statutes in order to satisfy a judgment obtained against the employee in 1986 for breach of a 1983 contract. As the Third District Court of Appeals noted, the availability of garnishment is dependent upon the date of the underlying transaction—not the date on which the writ of garnishment issues. *Id.,* at 1119.

> We agree with the County that the phrase "occurring on or after October 1, 1993" modifies "a contract, a loan, a transaction, a purchase, a sale, a transfer, or a conversion." In our view the statutory provision is clear. In order for a garnishor to obtain a writ of garnishment against the State or one of its political subdivisions, the garnishor must show that the garnishment has arisen as a result of the contract, loan, transaction, purchase, sale, transfer, or

conversion which occurred on or after October 1, 1993.

*Id.* at 1118–19. Because the debt arising from the underlying transaction occurred prior to October 1, 1993, the writ of garnishment was quashed. Most significantly, the Florida court found Section 6 of the Act clear and unambiguous.

■ In Florida, a court is required to follow the plain language of the statute where the language chosen by the legislature is unambiguous. *Wagner v. Botts,* 88 So.2d 611, 613 (Fla.1956). Where the statutory language is clear and unequivocal, legislative intent is derived from the words used without resort to judicial construction or speculating as to what the legislature intended. *Tropical Coach Line, Inc. v. Carter,* 121 So.2d 779, 782 (Fla.1960). If the statute is "clear and not entirely unreasonable or illogical in its operation," the court cannot look beyond the statute to provide a different interpretation. *Vocelle v. Knight Brothers Paper Company, Inc.,* 118 So.2d 664, 667 (Fla.Dist.Ct.App.1960).

■ The language of the Act is clear and unambiguous. Pursuant to the rules of grammar and because of its placement at the end of the sentence, the phrase "occurring on or after October 1, 1993" *must* modify "a contract, a loan, . . . ." Had the legislature intended otherwise, it would have been an easy matter to move the effective language to the middle of the sentence following "an attachment, a garnishment, or other legal process." The legislature chose not to do this.

Because the statutory language is clear, it is unnecessary, and contrary to the rules of interpretation adopted by Florida courts, to consider the legislature's intent.[4] As the Eleventh Circuit Court of Appeals recently wrote, "it is axiomatic that the interpretation of a statute must begin, and usually ends, with the text of the statute." *Boca Ciega*

*Hotel, Inc. v. Bouchard Transportation Company, Inc.,* 51 F.3d 235 (11th Cir.1995).

The Bankruptcy Court in *Adkins* argues that, if adopted, the Third District Court of Appeal's interpretation of the Act would result in "uncertainty and unreasonable results . . . because two sets of exemption laws would be in effect for an indeterminate amount of time." *Id.* at 60. The Bankruptcy Court is correct that some debtors will receive the benefit of the exemption under the new statute and some will not. However, this is *usually* the case when exemption provisions are altered.

■ Although the legislature may determine otherwise, exemption laws in Florida ordinarily apply to debts incurred after the exemption becomes effective. *Milam v. Davis,* 97 Fla. 916, 980, 123 So. 668, 690 (Fla.1929), *cert. denied,* 280 U.S. 601, 50 S.Ct. 82, 74 L.Ed. 646 (1929). Further, states may determine the availability of exemptions based on the date debts are incurred. *First National Bank of Mobile v. Norris,* 701 F.2d 902, 905 (11th Cir.1983).

Such an application is rational considering that the lack of an exemption may have been a factor in extending credit to a debtor. Creditors rely upon a debtor's existing assets and exemptions in deciding whether to extend a loan. Nothing unfair results if a debtor is bound to the exemption laws in place at the time the loan is extended. Rather, equity suggests that debtors who incurred debts prior to October 1, 1993, should be bound by the exemptions in place at that time. Debtors who incur debts after October 1, 1993 can benefit from the new exemption. The mere fact that a statute is difficult to administer or may result in two separate types of exemptions existing at one time does not permit a court to alter the meaning of an unambiguous statute.

---

4. In any event, a review of the Florida Legislature 1993 Summary of General Legislation (Summary) and the House of Representatives Committee on Judiciary Final Bill and Analysis & Economic Impact Statement (Analysis) is not helpful. The Summary indicates that the "act only applies to attachments, garnishments or oth-

er legal processes arising on or after October 1, 1993, the effective date of the act." The Analysis, however, states that Section 6 of the Act "[l]imits the applicability of the act to *financial transactions and judgments* entered into on or after the effective date of the act." (emphasis added).

*CONCLUSION*

■ Because the Debtors incurred debts prior to October 1, 1993, which were outstanding as of the Petition Date, the exemption set forth in Florida Statute Section 222.25 is unavailable to them. The Objection to the Debtors' claim of exemption with respect to the automobile is sustained.

DONE AND ORDERED.