**In re Harry Kirk SLOAN, Debtor.**

**Bankruptcy No. 96–05316–6J7.**

United States Bankruptcy Court,
M.D. Florida,
Southern Division.

March 10, 1997.

Jonathan B. Alper, Heathrow, FL, for Debtor.

John H. Meininger, III, Orlando, FL, for trustee.

*ORDER OVERRULING OBJECTION
BY TRUSTEE TO PROPERTY
CLAIMED AS EXEMPT*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on January 21, 1997, on the Objection by Trustee to Property Claimed as Exempt and Motion for Turnover of Nonexempt Personal Property (the "Objection") (Doc. No. 9) and the Response by Debtor Trustee's Objection to Property Claimed as Exempt (Doc. No. 12). The Objection asserts that the debtor, Harry Kirk Sloan (the "Debtor"), is not entitled to exempt his interest in a 1986 Ford Taurus pursuant to Florida Statute Chapter 222.25 (1997). After reviewing the pleadings, considering the arguments of counsel and applicable law, the Court overrules the Objection.

On August 19, 1996 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. In his Schedule C (Doc. No. 2), the Debtor claimed an exemption of $1,000 in the value of his 1986 Ford Taurus pursuant to Florida Statute Section 222.25. The Objection asserts that this exemption is not available to the Debtor because he has outstanding debts included in this case which were incurred prior to the effective date of the recently enacted exemption, October 1, 1993.

The facts are undisputed. The Debtor has one credit card which was issued prior to October 1, 1993. Any balance previously due on that credit card as of October 1, 1993, was paid in full by the Debtor years prior to the Petition Date. No portion of the debt involved in this Chapter 7 case was outstanding on October 1, 1993. However, the Debt-

or did continue to use the credit card *after* October 1, 1993. He incurred new and additional charges after that date which were unpaid on the Petition Date and included in this Chapter 7 case.

The issue is whether a debtor who has paid off all debts that were outstanding on October 1, 1993, but who continues to use credit cards issued prior to that date is entitled to utilize the $1,000 exemption set forth in Section 222.25. Stated differently, is it the existence of an outstanding debt *or* the existence of a continuing credit relationship that is relevant in determining whether a debtor is entitled to rely upon the exemption? This Court previously has held, in *In re Puff 'N Stuff of Winter Park, Inc.*, 183 B.R. 959 (Bankr.M.D.Fla.1995), that debtors were not entitled to utilize the exemptions set forth in Florida Statute Section 222.25 if they had incurred debts prior to October 1, 1993, which were included in this bankruptcy case. However, this decision did not address the precise issue raised by the Objection.

■ *Analysis.* Section 222.25 was enacted pursuant to Session Law 93–256 which, in Section 6, limits the applicability of the exemption to "a contract, a loan, *a transaction,* a purchase, a sale, *a transfer,* or a conversion occurring on or after October 1, 1993" (emphasis added). Every time a party incurs a charge on a credit card a new transaction or transfer occurs. As such, when a credit card company permitted a cardholder to continue using his or her credit card after October 1, 1993, it tacitly agreed that the cardholder was entitled to use the exemption contained in Section 222.25. The credit card company has a choice. It could have revoked the cardholder's charging privilege after October 1, 1993. If it did not, it is bound by the reach of Florida's exemption statutes, including Section 222.25.

In this case, the Debtor had paid all unsecured debts incurred as of October 1, 1993, prior to the Petition Date. He was permitted to continue using an old credit card after October 1, 1993, and some of that post–1993 debt is included in this Chapter 7 case. However, because the charges constitute transfers or transactions occurring after October 1, 1993, he is entitled to use the exemp-

tion in Section 222.25 of the Florida Statutes. Accordingly, it is

ORDERED:

1. The Objection is overruled.

2. The Debtor is entitled to exempt $1,000 from the value of his 1986 Ford Taurus pursuant to Section 222.25 of the Florida Statutes.