705 So.2d 1053 (1998)
HERNANDO COUNTY, etc., et al., Appellant,
v.
GEORGE WARNER d/b/a George Warner Excavating, Appellee.
No. 97-0864
District Court of Appeal of Florida, Fifth District.
February 13, 1998.
William P. Buztrey and Robert Bruce Snow, Brooksville, for Appellant Hernando County.
Russell G. Marlowe of Davis & Marlowe, P.A., New Port Richey, for Appellant Roy Rudolph Construction Corporation.
George Warner, Hudson, pro se.
ANTOON, Judge.
Hernando County appeals the trial court's order granting George Warner's petition for a writ of garnishment. We reverse because the doctrine of sovereign immunity bars this garnishment action. In so ruling we hold that the waiver of sovereign immunity provided in section 77.0305 of the Florida Statutes does not apply when (1) the judgment creditor is an independent contractor, or (2) the debt arose before October 1, 1993.
In 1990, George Warner was awarded an $8,031.22 judgment against Roy Rudolph Construction Corporation (the Corporation). In February 1996, Warner filed a motion for writ of garnishment against Hernando County seeking garnishment of the Corporation's funds allegedly held by the County. The County filed a motion to dismiss, arguing that it was not subject to garnishment proceedings under the doctrine of sovereign immunity. In his reply to the motion to dismiss Warner asserted that the Corporation was the contractor on a county construction project and that the County owed the Corporation over $10,000 on the contract. Relying on the waiver of sovereign immunity provided in section 77.0305, Florida Statutes (1995), the trial court denied the County's motion to dismiss. The County then filed its answer in which it raised the affirmative defense of *1054 sovereign immunity as an affirmative defense. After conducting a hearing on the matter, the trial court ruled against the County and entered a final judgment of garnishment in favor of Warner.
The state and its subdivisions and agencies are immune from garnishment proceedings absent a clear and unequivocal legislative enactment to the contrary. Metropolitan Dade County v. United Guar. Residential Ins. Co. of N.C., 645 So.2d 1117, 1118 (Fla. 3d DCA 1994). In this regard, the trial court aptly recognized that in 1993 the Florida legislature amended section 77.0305 of the Florida Statutes, thereby waiving sovereign immunity in certain garnishment proceedings.
Section 77.0305, Florida Statutes provides in relevant part:
Notwithstanding any other provision of this chapter, if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order. A debtor's status as an employee of the state or its agencies or political subdivisions does not preclude a judgment creditor's right to garnish the debtor's wages. For the purposes of this section, the state includes the judicial branch and the legislative branch as defined in s. 216.011. The state, for itself and for its agencies and subdivisions, waives sovereign immunity for the express and limited purpose necessary to carry out this section.
§ 77.0305, Fla. Stat. (1993) (emphasis added). Moreover, section 77.0305 "applies only to an attachment, a garnishment, or other legal process that arises as a result of a contract, a loan, a transaction, a purchase, a sale, a transfer, or a conversion occurring on or after October 1, 1993." Ch. 93-256, § 6, at 2500, Laws of Fla. Thus, under the 1993 amendment, a county is subject to garnishment proceedings when the judgment debtor is an employee of the county and the judgment debtor is owed wages or salary for work performed on or after October 1, 1993. See Metropolitan Dade County, 645 So.2d at 1119.
It is clear from the instant record that the Corporation was not an employee of the County, and the money owed by the County to the Corporation was not salary or wages. In fact, according to Warner's own pleadings, the Corporation was an independent contractor which was owed money on a construction contract. There has been no legislative waiver of sovereign immunity regarding sums owed to independent contractors. Moreover, the statutory waiver of sovereign immunity applies only to debts arising after October 1, 1993. The instant debt arose prior to 1990. As a result, the trial court erred in determining that section 77.0305 waived sovereign immunity as to the sums owed by the County to the Corporation.
ORDER REVERSED.
DAUKSCH and HARRIS, JJ., concur.