Mr. Harry K. Singletary, Jr. Secretary Florida Department of Corrections 2601 Blair Stone Road Tallahassee, Florida 32399-2500
Dear Secretary Singletary:
You have asked for my opinion on substantially the following question:
Can the Department of Corrections be sued as the garnishee by a judgment creditor seeking to recover a money judgment from an inmate's trust account?
In sum:
The State of Florida is protected from being sued by sovereign immunity and has not waived that protection for garnishment actions brought to recover money judgments against state prisoners.
According to your letter, the Department of Corrections accepts and administers money as a trust when received for the personal use and benefit of inmates in its custody. The Department is authorized by various statutes to place holds against inmate trust accounts and to deduct monies from an individual inmate's account to offset state claims against that individual inmate.[1] However, there does not appear to be any statutory authority for the Department of Corrections to deduct monies from an inmate's account in payment of claims by private individuals pursuant to garnishment proceedings. You have asked, therefore, whether the Department of Corrections may be named as garnishee to a judgment creditor who seeks to recover a money judgment from an inmate's trust account.
It is well established that the State of Florida and its agencies and subdivisions may not be sued absent consent by a specific waiver of sovereign immunity.[2] While Article X, section 13,[3]
Florida Constitution, provides that the Legislature may waive the state's immunity from suit, Florida courts have consistently held that statutes purporting to waive the state's sovereign immunity must be clear and unequivocal and that a waiver of this protection will not be implied or inferred.[4]
Section 77.01, Florida Statutes, provides generally for garnishment:
"Every person who has sued to recover a debt or has recovered judgment in any court against any person, natural or corporate, has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. The officers, agents, and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations."
This statute does not provide authority for a waiver of the state's sovereign immunity in garnishment proceedings.[5]
In certain specific instances the Legislature has waived the state's immunity and determined that the state will defend garnishment suits, for example, section 61.12(1), Florida Statutes, provides:
"So much as the court orders of the money or other things due to any person or public officer, state or county, whether the head of a family residing in this state or not, when the money or other thing is due for the personal labor or service of the person or otherwise, is subject to attachment or garnishment to enforce and satisfy the orders and judgments of the court of this state for alimony, suit money, or child support, or other orders in proceedings for dissolution, alimony, or child support; when the money or other thing sought to be attached or garnisheed is the salary of a public officer, state or county, the writ of attachment or garnishment shall be served on the public officer whose duty it is to pay the salary, who shall obey the writ as provided by law in other cases. . . ."
This section specifically waives the state's immunity from suit in garnishment proceedings against the state to enforce court-ordered alimony or child support.
Similarly, section 77.0305, Florida Statutes, authorizes a continuing writ of garnishment against the salary or wages of state employees to satisfy judgments:
"Notwithstanding any other provision of this chapter, if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order. A debtor's status as an employee of thestate or its agencies or political subdivisions does not precludea judgment creditor's right to garnish the debtor's wages. For thepurposes of this section, the state includes the judicial branchand the legislative branch as defined in s. 216.011. The state,for itself and for its agencies and subdivisions, waives sovereignimmunity for the express and limited purpose necessary to carryout this section. . . ." (e.s.)
Thus, the state has waived its protection from garnishment actions seeking to enforce money judgments against state employees. Prisoners or inmates are not state employees.[5]
These sections provide clear evidence that the Legislature has specifically waived the state's immunity from suit in garnishment when it has determined a strong public justification for such action.
However, as discussed above, the state and its agencies and subdivisions are immune from garnishment proceedings, in the absence of a clear and unequivocal legislative enactment making them liable in garnishment proceedings.[6] Nothing in the Florida Statutes waives the sovereign immunity of the state for purposes of garnishment suits to recover money judgments against state prisoners. In the absence of any such statutory directive, this office will not imply liability on the part of the state to defend garnishment actions.
Therefore, it is my opinion that the State of Florida is protected by sovereign immunity and has not waived that protection for garnishment actions brought to recover money judgments against state prisoners.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 775.089(11)(b), Fla. Stat., authorizing deductions for victim restitution; s. 57.085, Fla. Stat., authorizing deductions for court costs and fees; s. 945.6037, Fla. Stat., authorizing the deduction of medical copayments.
[2] See, e.g., State Road Department of Florida v. Tharp,1 So.2d 868 (Fla. 1941); Department of Natural Resources v. CircuitCourt of Twelfth Judicial Circuit, 317 So.2d 772 (Fla. 2d DCA 1975), affirmed, 339 So.2d 1113 (Fla. 1976); State (Department ofTransportation) (Parks and Recreation Division of General ServiceBureau) v. Gordon Brothers Concrete, Inc., 339 So.2d 1156 (Fla. 2d DCA 1976).
[3] Article X, s. 13, Fla. Const., states:
"Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating."
[4] Spangler v. Florida State Turnpike Authority,106 So.2d 421, 424 (Fla. 1958). Cf., Berek v. Metropolitan Dade County,422 So.2d 838 (Fla. 1982).
[5] See, s. 946.514(2), Fla. Stat., providing that "[n]o inmate compensated [by a correctional work program] or by the corporation or the department shall be considered as an employee of the state, the department, or the corporation." Compare, s. 110.123(2)(d) and (f), Fla. Stat., defining "[f]ull-time state employee" and "[p]art-time state employee" for purposes of the state group insurance program and s. 944.02(5), Fla. Stat., defining "[p]risoner" for purposes of "The Florida Corrections Code of 1957".
[6] See, Metropolitan Dade County v. United Guaranty ResidentialInsurance Company of North Carolina, 645 So.2d 1117 (Fla. 3d DCA 1994).