SALTER, J.
The appellants, former owners of a property in Miami-Dade County sold at a tax certificate auction, appeal a final circuit court order directing the Clerk of Court to disburse the surplus proceeds of the sale to the appellee. Concluding that the proceeds were disbursed prematurely and upon insufficient notice to interested parties, we reverse and remand for further proceedings.

Foreclosure, Fee Judgment, and Tax Sale Proceeds

The appellants owned two adjacent parcels in Miami-Dade County, referred to as Lots 9 and 10. Lot 9 was encumbered by a mortgage ultimately held by the appel-lee. In 2007, the appellee commenced a foreclosure action against Lot 9. After extensive circuit court and federal bankruptcy court proceedings, the appellee obtained a certificate of title to Lot 9 in 2010.[1] Thereafter, the appellee obtained a final judgment of appellate attorney’s fees for $21,990.00 plus post-judgment interest.
In the interim, the appellants’ adjoining parcel, Lot 10, was sold for an unpaid 2007 property tax certificate in January 2011. The auction sale, conducted pursuant to chapter 197, Florida Statutes (2010), produced surplus proceeds of $64,779.10. The appellee sought to garnish the Clerk of Court (as the holder of those proceeds) in order to collect the final judgment for attorney’s fees in the foreclosure case. The Clerk moved to dissolve the writ of garnishment on two grounds: first, the Clerk claimed immunity from garnishment under Metropolitan Dade County v. United Guaranty Residential Insurance Co. of North Carolina, 645 So.2d 1117 (Fla. 3d DCA 1994); and second, the Clerk asserted that the tax collector had identified twenty-two lienholders,[2] including five governmental lienholders, entitled to notice and (potentially, based on priority and compliance with applicable law) disbursement.
The appellee then filed a “motion for disbursement,” representing that “[n]o other party in this cause or the Tax Creditor list from the Title Report has filed any claim and the statutory period for filing claims has expired.” At a subsequent hearing that was not attended by the appellants (or by any of the twenty-two lien-holders identified by the Clerk, though they were allegedly mailed notices by the appellee), the trial court granted the motion and directed the Clerk to disburse $22,867.48 to the appellee. This appeal followed.

*983
Analysis

Simply stated, the appellee led the trial court into error. The absence of opposition by the appellants and lienhold-ers does not ratify the complete departure from the statutory procedures for surplus proceeds as orchestrated by the appellee. Section 197.582(2), Florida Statutes (2010), specifies that surplus proceeds are to be distributed first (and ratably, if the available proceeds are less than the total claims) to “governmental units” holding lien claims against the property. Thereafter, remaining proceeds are distributed to non-governmental lienholders in the order of their lien priority and to the extent of their recorded liens. Only then do any remaining funds become distributable to the titleholders.
Procedurally, the Clerk was required to retain the proceeds for a period between 90 and 180 days (dependent on the timing of the sale within a fiscal quarter) to allow the parties in interest to make their claims. At the conclusion of that period, any remaining unclaimed proceeds were to be held by the Board of County Commissioners for a period of two years. During that period, lienholders and other parties in interest could make their claims, and at the end of the period any remaining funds reverted to the County.[3] Rule 12D-13.065, Florida Administrative Code, “Disbursement of Proceeds of Sale,” gives effect to the procedures and priorities specified in chapter 197. Subparagraph (2) of that rule provides that the Clerk “shall” first distribute surplus proceeds to governmental unit lienholders as described above, and subparagraph (3) requires distribution of any remaining funds thereafter to non-governmental lienholders according to their priorities and claim amounts. Subparagraph (4) of the rule directs the Clerk to send a prescribed form of notice to all such lienholders and the titleholder “advising them of the funds held for their benefit.” The rule does not authorize a creditor of the titleholder to co-opt or circumvent this process by sending out alternative forms of notice.
The appellee’s arguments here no doubt seemed logical to a trial court considering a motion with no opposition present. Candor to the tribunal, however, would have included copies of the pertinent statutes, the applicable rule, and the reported case of DeMario v. Franklin Mortgage & Investment Co., Inc., 648 So.2d 210 (Fla. 4th DCA 1994). In that case, the Fourth District specifically held that the initial period during which any such proceeds are held by the Clerk “cannot be interpreted as imposing a ninety day claims bar for persons otherwise entitled to distribution of surplus tax proceeds,” and that “[t]he only statutory limit for making claim to the excess funds is the two-year bar found in section 197.582.”[4] Id. at 213-14 (citations omitted). The trial court lacked the authority to order disbursement in contravention of these authorities.
We also reject the appellee’s argument that the appellants lack standing to challenge the order on appeal. The appel-lee argues that the appellants’ failure to appear at the hearing on the motion, and the apparent fact that the appellants are “out of the money” (because of the twenty-two liens identified by the tax collector), have deprived them of any justiciable interest in this case. We disagree. Depending on which lienholders invoke their *984 statutory rights to the surplus proceeds, the appellants as titleholders may be entitled to a payment. They may also be more concerned about the ability of governmental unit lienholders to recover claims against them than the ability of the appellee to collect the final judgment for attorney’s fees, as different types of claims are subject to different exemptions and to different treatment if a bankruptcy should later eventuate.

Conclusion

For all these reasons, the order granting motion for disbursement is reversed and remanded for further proceedings consistent with this opinion.

. The foreclosure judgment was affirmed per curiam by this Court. Velasquez v. Ettenheim, 41 So.3d 228 (Fla. 3d DCA 2010).

. Under the statutory scheme as implemented by the County, the tax collector obtains a third-party title report on the property that is the subject of the tax certificate and auction. § 197.502(5)(a), Fla. Stat. (2010).

. § 197.473, Fla. Stat. (2010). In mid-2011, this procedure was changed by the Legislature. Unclaimed funds now revert to the State.

. The two-year bar appears in section 197.582 via a cross-reference to an express provision in section 197.473.