# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0411
Lower Tribunal No. 19-20100
_____

**Everett Painting Company, Inc., etc.,**
Appellant,

vs.

**Gaga Opportunity 2501 NW 79 Street, LLC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Steven M. Rosen, P.A., and Steven M. Rosen, for appellant.

Thomas G. Sherman, P.A., and Jonathan S. Trabitz, for appellee Gaga Opportunity 2501 NW 79 Street, LLC.

Before FERNANDEZ, LINDSEY and LOBREE, JJ.

LOBREE, J.

Everett Painting Company, Inc. ("Everett") appeals: (1) an order

granting Gaga Opportunity 2501 NW 79 Street, LLC's ("Gaga") motion for disbursement of surplus and denying Everett's motion to disburse surplus funds; and (2) an order denying Everett's motion for rehearing of that prior order. Because Gaga was not entitled to receive the remainder of the surplus pursuant to section 197.582(2), Florida Statutes (2017), we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Everett became delinquent in payment of its federal income taxes to the United States Government, which caused the IRS to record a series of notices of federal tax liens against Everett. In February 2016, Everett was deeded 2501 NW 79th Street, Miami, FL 33147 ("the subject property"). The federal tax liens automatically attached to the subject property. Everett was also indebted to the Miami-Dade County Tax Collector's Office for past-due real estate taxes. As Everett failed to pay the real property taxes assessed against the subject property, a tax certificate was issued.

Eventually, the holder of the tax certificate applied for a tax deed pursuant to section 197.502, Florida Statutes (2018). The subject property was listed for sale at a tax deed auction and sold to Rusol & Co., Inc., etc. ("Rusol") on May 9, 2019. The price paid by Rusol exceeded the amount of Everett's real estate tax delinquency resulting in a surplus, which is the basis

2

of this appeal. The tax deed was recorded on May 13, 2019. The next day, the IRS independently sold the subject property to Gaga but did not issue a deed. The proceeds of that sale were applied towards satisfaction of Everett's delinquent income federal tax debt.

On July 5, 2019, Rusol filed a complaint against Everett, Miami-Dade County, the U.S. Government, the Florida Department of Revenue, and the Clerk of Court to quiet title to the subject property. The matter proceeded with the County, Clerk, and Everett filing answers, but defaults were entered against the Florida Department of Revenue and the United States after they failed to participate in the litigation.

On April 14, 2020, Gaga filed a motion to intervene and stay the entry of final order and disbursement of surplus proceeds. The trial court granted the motion. Rusol subsequently filed a motion for final summary judgment which was granted by the trial court in April 2021. Everett and Gaga then filed motions for disbursement of surplus funds, each asserting it was entitled to the surplus from the tax deed sale.[1]

On July 18, 2022, the trial court held a hearing on the two motions. In January 2023, the trial court entered an order granting Gaga's motion and

---

[1] During this time, Miami-Dade County was awarded a portion of the surplus. That award is not at issue in this appeal.

3

denying Everett's motion, finding Gaga was entitled to the surplus because it purchased the IRS' interest in the subject property, which included the IRS' priority position as to the surplus funds. Everett filed a motion for rehearing, which was denied. This appeal followed.

## ANALYSIS

"[T]he appellate standard of review on issues involving the interpretation of a statute is de novo." Richeson v. South's Custom Constr., Inc., 317 So. 3d 1241, 1243 (Fla. 5th DCA 2021); see also Giller v. Grossman, 327 So. 3d 391, 393 (Fla. 3d DCA 2021).

Section 197.582(2) "specifies that surplus proceeds are to be distributed first (and ratably, if the available proceeds are less than the total claims) to 'governmental units' holding lien claims against the property. Thereafter, remaining proceeds are distributed to non-governmental lienholders in the order of their lien priority and to the extent of their recorded liens. Only then do any remaining funds become distributable to the titleholders." Velasquez v. Ettenheim, 89 So. 3d 981, 983 (Fla. 3d DCA 2012). "[T]he determination of who is entitled to the surplus of a tax sale is made at the time of the sale." Rahimi v. Glob. Discoveries, Ltd., LLC, 252 So. 3d 804, 808 (Fla. 3d DCA 2018).

Here, at the time of the tax deed sale on May 9, 2019, the only parties

with an interest in the tax deed surplus were the County, the Florida Department of Revenue, the IRS, and Everett. Gaga had no interest in the subject property until May 14, 2019—after the original tax deed sale was completed. Thus, as the County has already been paid, and Florida Department of Revenue and the IRS were defaulted, pursuant to section 197.582(2) Everett was entitled to the remainder of the surplus.

Based on the record, we find Gaga did not purchase the IRS' priority interest in the subject property. After Gaga purchased the property at the IRS auction, it received a "Certificate of Sale of Seized Property." The plain language of the Certificate and accompanying notice show that they merely provided Gaga a claim to redeem a deed to the subject property. Nothing in the Certificate or notice provides that the IRS transferred its interest in the property or the federal tax lien to Gaga.

Under federal law, the only interest Gaga could have received from the federal tax sale was Everett's. See Nat'l Bank & Tr. Co. of S. Bend v. U. S., 589 F.2d 1298, 1302 (7th Cir. 1978) ("As early as 1890, the Supreme Court recognized that a certificate issued at a tax sale transferred only the interest of the delinquent taxpayer." (citing Mansfield v. Excelsior Refin. Co., 135 U.S. 326, 340 (1890))). However, in order to receive Everett's interest in the subject property, Gaga had to receive a deed from the IRS. See 26 U.S.C.

5

§ 6339(b)(2) ("[The] deed shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real property thus sold at the time the lien of the United States . . . ."). Here, Gaga never received a deed from the IRS because the Miami-Dade tax deed sale resulted in the subject property being sold to Rusol.

As Gaga never challenged the sale to Rusol, it is undisputed Everett no longer owned the subject property at the time that Gaga received the IRS Certificate. Thus, any purported transfer of Everett's rights in the subject property to Gaga was ineffective as a matter of law. Accordingly, Gaga never received a priority interest in the subject property and was not entitled to the surplus.

Reversed and remanded.